# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER T. TYRA,**

    **Petitioner,**

  v.

**BRIAN HAYES**

    **Respondent.**

Case No. 18-CV-1318

## RULE 4 ORDER

Christopher Tyra, who is currently incarcerated at the Milwaukee Secure Detention Facility, filed a petition for habeas corpus under 28 U.S.C. § 2254. (Docket # 1.) Before me is Tyra's motion to proceed *in forma pauperis* (Docket # 2.) Tyra has also submitted his prison account statement for the six-month period immediately preceding the filing of the petition. (Docket # 5.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Tyra's affidavit and his prison account statement, I find that he has insufficient assets to pay the $ 5.00 filing fee. Accordingly, Tyra's motion to proceed without prepayment of the filing fee (Docket # 2) is granted.

I must now review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an

application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, the Court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In the sole Ground for his petition, Tyra states that his due process rights were violated. (Docket # 1 at 5.) Specifically, Tyra asserts that he was deprived of the ability to present testimony or have testimony presented on his behalf at trial. Tyra also states that he was threatened by his attorney. (*Id.*) Although it is not entirely clear, it seems that Tyra is making a claim for insufficient assistance of trial counsel. Ineffective assistance of counsel is a clear constitutional ground for habeas relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Upon review of the petition, it is not plain from the face of the petition that Tyra is not entitled to relief.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Tyra's petition and this Order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent is directed to serve and file an answer, motion, or other response to the petition for writ of habeas corpus, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Tyra is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send copies of all filings with the court to the respondent or respondent's counsel.

Tyra should also retain a personal copy of each document. If Tyra does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the respondent or respondent's counsel.

Dated at Milwaukee, Wisconsin this 12th day of September, 2018.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge