# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER T. TYRA,

      Petitioner,

v.

              Case No. 18-CV-1318-JPS

BRIAN HAYES,

              **ORDER**

      Respondent.

    Petitioner Christopher T. Tyra ("Tyra") filed a petition for writ of *habeas corpus* on August 27, 2018. (Docket #1). On September 12, 2018, Magistrate Judge Nancy Joseph screened Tyra's petition and found that he could proceed. (Docket #6). This action was reassigned to this branch of the Court on September 24, 2018. On November 13, 2018, Respondent moved to dismiss Tyra's petition for failure to exhaust his state court remedies, which is a prerequisite to a valid federal habeas petition. (Docket #11); 28 U.S.C. § 2254(b); *Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009). Tyra has not filed an opposition to Respondent's motion and the time in which to do so has expired. Civ. L. R. 7(b).

    The Court could summarily grant Respondent's motion in light of Tyra's non-response. *See* Civ. L. R. 7(d). In any event, Respondent's exhaustion argument is indisputable. Tyra's petition appears to challenge his probation revocation, which he says violated his "due process" rights, and he also suggests that he was afforded ineffective assistance of counsel. (Docket #1 at 1, 5). In Wisconsin, probation revocation is an administrative process. After his probation was revoked, Tyra filed an administrative appeal, which was unsuccessful. *Id.* at 2–3. Wisconsin law provides that

probationers can further challenge their revocation proceedings by filing a request for certiorari review in circuit court. *Prison Litig. Reform Act in State ex rel. Cramer v. Schwarz*, 613 N.W.2d 591, 598 (Wis. 2000). Tyra did just that, but as of the time he filed this federal habeas action, he had not received a decision from the circuit court. (Docket #1 at 3–5).

As noted above, state prisoners may only seek federal habeas review after they have exhausted their remedies in state court. This means that "a petitioner must fairly present his federal claims at each level of the state's established review process." *Johnson*, 559 F.3d at 751. "Failure to do so constitutes procedural default that precludes review by federal courts." *Id.* at 752. Tyra has not proceeded through a complete round of state court review. He has not even waited for a decision of the circuit court, much less appealed that decision (if it were unfavorable). Thus, this Court cannot hear Tyra's claims, regardless of their merit. *See McAtee v. Cowan*, 250 F.3d 506, 508–09 (7th Cir. 2001).

Respondent's motion to dismiss must, therefore, be granted. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Tyra must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim

of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Tyra's petition.

Finally, the Court closes with some information about the actions that Tyra may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss (Docket #11) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge